**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MALIBU MEDIA LLC,** | § | |
| **-vs-** | §§§ | **CIVIL NO. SA-19-CV-622-XR** |
| **CHARLES EDDLEMAN** | §§§§ | |

<u>**ORDER**</u>

On this date, the Court considered Plaintiff Malibu Media's Motion for Default Judgment against Charles Eddleman (docket no. 20), and Eddleman's Motion to Vacate Clerk's Entry of Default (docket no. 22). After careful consideration, the Court will grant Eddleman's Motion to Vacate Clerk's Entry of Default and will deny Plaintiff's Motion for Default Judgment.

**Background**

This case was filed on June 6, 2019, and was thereafter administratively closed to allow Plaintiff sufficient time to identify and serve the alleged infringer. Plaintiff identified the alleged infringer as Charles Eddleman and filed its Amended Complaint on December 23, 2019. Plaintiff provided proof of service on January 6, 2020, demonstrating that Charles Eddleman was personally served on January 4, 2020. Defendant did not answer or otherwise appear, and thus Plaintiff moved for entry of default on January 30, 2020. When a party fails to defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. FED. R. CIV. P. 55(a). The Clerk entered default on January 31, 2020. Plaintiff then filed a motion for default judgment on February 6, 2020. Before the Court ruled on the motion, Eddleman moved to vacate the Clerk's entry of default.

**Legal Standard**

The court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). To

determine whether good cause to set aside a default exists, courts usually employ equitable principles. *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000). The factors to be considered include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented; and (4) whether the defendant acted expeditiously to correct the default. *Id.*

Importantly, the Fifth Circuit has noted that courts favor trial on the merits and that default judgments are "generally disfavored in the law." *Id.* (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). "Thus, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv*., 277 F.2d 919, 921 (5th Cir. 1960)). Ultimately, "the decision to set aside a default is committed to the sound discretion of the trial court." *Matter of Dierschke*, 975 F.2d  181, 183 (5th Cir. 1992).

### Analysis

Eddleman contends that the entry of default should be set aside because the default was not willful, Plaintiff will not be prejudiced by setting aside the entry of default, and he has a meritorious defense.

Eddleman states he first became aware of the lawsuit when he received a letter from his Internet Service Provider ("ISP"). Eddleman called his ISP and was told they did not know anything about the letter and "it was probably a scam." Eddleman thus disregarded the letter. Eddleman was then served on January 4, but he provides a declaration stating that he "was confused as to what [he] was looking at." He states that he is elderly and knew he did not do anything, so he assumed it was also part of a scam. When he received the Motion for Default

Judgment, containing his name and documents detailing the accusations, he contacted counsel immediately. Defendant contends he did not ignore service willfully, but failed to respond through mistake, inadvertence, and/or excusable neglect.

Eddleman contends that Plaintiff will not be prejudiced in setting aside the default, as this case is in its early stages, and Plaintiff can pursue the case against Eddleman on the merits. Eddleman further contends that he has a meritorious defenses, including that the Complaint fails to state a claim under Rule 12(b)(6) because Plaintiff "has not alleged sufficient evidence to show that any of its copyrighted materials were violated." Docket no. 22 at 5.

The Court finds good cause to set aside the entry of default. Although Eddleman admits receiving service of the summons and complaint, he did not willfully ignore a lawful summons because he believed the summons and complaint to be a scam. Thus, although his failure to respond was caused by his neglect, the Court finds that he has shown his neglect was excusable, rather than willful. *In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014); *Gray v. Staley*, 310 F.R.D. 32, 36 (D.D.C. 2015) (failure to respond was not willful when defendant admitted receiving summons and complaint but reasonably feared it was a scam or other effort to intimidate). Although Defendant should have consulted with counsel sooner, the facts do not suggest a deliberate effort to default on litigation or engage in dilatory tactics.

Further, Plaintiff will not be prejudiced, as having to prosecute a suit on the merits is not prejudicial, and courts favor resolution on the merits as opposed to through default. *Lacy*, 227 F.3d at 293 ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). Plaintiff did not respond in opposition to demonstrate prejudice. Last, Eddleman acted expeditiously to correct the entry of

3

default upon learning of it. The Court need not consider Eddleman's assertion that the Complaint would not withstand a 12(b)(6) motion, as he has sufficiently demonstrated that there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008).

**Conclusion**

Eddleman's Motion to Vacate Entry of Default (docket no. 22) is GRANTED. The Clerk's Entry of Default (docket no. 19) is VACATED. Plaintiff's Motion for Default Judgment (docket no. 20 ) is DENIED. Eddleman shall have 21 days from entry of this ruling to answer or other respond.

It is so ORDERED.

SIGNED this 13th day of April, 2020.

XAVIER  RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4